GRIFFITH, Circuit Judge,
concurring in the judgment:
I write separately because I do not agree that Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C.Cir.2000), controls our decision. “[I]t is black-letter law that a circuit precedent eviscerated by subsequent Supreme Court cases is no longer binding on a court of appeals.” Dellums v. U.S. Nuclear Regulatory Comm’n, 863 F.2d 968, 978 n. 11 (D.C.Cir.1988). Razzoli’s adherence to the broad habeas-channeling rule applied in Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C.Cir.1988) (en banc), rested primarily on the fact that the Supreme Court had not yet squarely held that claims with “a merely probabilistic impact on the duration of custody” need not be brought in habeas. 230 F.3d at 375-76. The court did not address the tension between this broad reading of Supreme Court precedent and the narrower one adopted in Anyanwutaku v. Moore, 151 F.3d 1053 (D.C.Cir.1998); indeed, it approvingly cited the Seventh Circuit’s application of the broad reading to state prisoners, in direct conflict with Anyanwutaku. See Razzoli, 230 F.3d at 376. But the Supreme Court has now made clear that Anyanwutaku’s reading is correct and Razzoli’s incorrect. See Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (claims that “will not necessarily imply the invalidity of confinement or shorten its duration” are not part of “core” habeas and need not be brought as such). Although Wilkinson involved state prisoners, the force of its reasoning applies equally to federal prisoners like Davis. See id. at 87, 125 S.Ct. *334 1242 (Scalia, J., concurring) (noting the uniquely undesirable implications of a broad habeas-channeling rule for federal prisoners).
Davis’s claim need not be brought in habeas because, if successful, it would only increase the likelihood of a sentence reduction. It would not “necessarily spell speedier release” from custody, id. at 82, 125 S.Ct. 1242 (majority opinion). Davis asks to be credited for completing the first step of substance abuse treatment under 18 U.S.C. § 3621(e). Before Davis could receive the sentence reduction incentive provided by that statute, he would have to complete two more steps of the treatment program and satisfy various additional eligibility criteria, see 28 C.F.R. § 550.55(b). Even if he did so, the ultimate decision whether to reduce his sentence would be within the complete discretion of the Bureau of Prisons. See 18 U.S.C. § 3621(e)(2)(B). The connection between his requested relief and the duration of his custody is too tenuous to come within the narrow habeas-channeling rule of Wilkinson.
Nonetheless, I would affirm the dismissal of Davis’s Administrative Procedure Act claim as precluded by 18 U.S.C. § 3625, which renders 5 U.S.C. § 702 — the statute that grants an APA cause of action — inapplicable to any “determination, decision, or order under” 18 U.S.C. § 3621(e). Davis challenges the Bureau’s determination that the New Beginning drug treatment program, because it is not administered by the Bureau, is not a qualifying “residential substance abuse treatment” program for purposes of § 3621(e). His challenge falls squarely within the terms of § 3625. The district court correctly held that APA review is precluded.